985 F.2d 552
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Frank PORTER, JR. Plaintiff, Appellant,
v.
LT. PELINO, et. al., Defendants, Appellees.
 No. 92-1403.
 United States Court of Appeals,
First Circuit.
 December 9, 1992
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
 Frank Porter, Jr. on brief pro se.
 A. John Pappalardo, United States Attorney, and Victor A. Wild, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 The issue before us is whether the district court abused its discretion in denying appellant's motion for relief from judgment under Fed. R. Civ. P. 60(b). Appellant sought through this motion to obtain reconsideration of the dismissal of his habeas corpus petition. We affirm the district court's decision.
 
 
 2
 Appellant was convicted by a jury on March 15, 1989 of robbing five banks. After considering and rejecting several post-trial motions, the district court sentenced appellant to a 264 month prison term. An appeal was taken to this court. We affirmed appellant's conviction and sentence. United States v. Porter, 924 F.2d 395 (1st Cir. 1991).
 
 
 3
 While he was awaiting trial, appellant filed a petition for habeas corpus challenging the conditions of his pretrial confinement in a state facility (where he was awaiting disposition of state charges), and alleging various constitutional errors in the investigation, prosecution, and defense of his case. The petition was originally assigned a separate case number and routed to another judge. It was reassigned to the trial judge at the conclusion of petitioner's trial. The trial judge denied the petition on February 21, 1991, shortly after this court affirmed appellant's conviction, because "all issues of any significance" had been reviewed on direct appeal, or "rendered moot" by petitioner's conviction and incarceration in a federal facility.
 
 
 4
 Almost a full year later, on February 18, 1992, appellant filed the instant motion, urging reconsideration of the denial of his habeas petition for three reasons. First, he said that the district court had inadvertently failed to allow him to amend the petition. Second, he argued that he was entitled to reconsideration because of his counsel's "excusable neglect": a delay in transmitting to the court appellant's request to amend the habeas petition. And third, he argued that the district court should reconsider because it had mistakenly treated the petition as one challenging a state court judgment under 28 U.S.C. § 2254.
 
 
 5
 A motion for reconsideration under Fed. R. Civ. P. 60(b), is committed to the district court's discretion and may be granted only under exceptional circumstances. We review a denial of postjudgment relief under this rule only for "abuse of discretion." See United States v. Parcel of Land & Residence at 18 Oakwood St., 958 F.2d 1, 5 (1st Cir. 1992) (citing cases); United States v. Ayer, 857 F.2d 881, 886 (1st Cir. 1988). We find no abuse here.
 
 
 6
 First, the record does not support appellant's contention that the district court failed to consider his motion to amend his habeas petition. As originally drafted, appellant's motion was contained in a letter dated December 18, 1989, addressed to appellant's attorney and forwarded by the attorney to the court on January 18, 1990. Appellant had also sent an almost identical letter directly to the court, dated December 22, 1989. The letters recite what seem to be clarifications or explanations of the grounds raised in appellant's original habeas petition. These letters were before the trial judge, and their contents were presumably considered by him, when he denied appellant's habeas petition in February, 1991.
 
 
 7
 Appellant now contends that the letters actually sought the court's permission for the filing of yet another, separately labelled, "amendment" to the habeas corpus petition. Appellant first filed such a document on February 18, 1992, along with the instant Rule 60(b) motion. Even if we were to read appellant's original letter motion as seeking permission to file this separate document, however, it is clear that the district court did not abuse its discretion in denying appellant's motion for reconsideration under Rule 60(b). As we read the separate "amendment" appellant has now filed, it, too, does no more than restate or attempt to clarify, the arguments asserted in the original habeas petition. Although appellant argues that "new evidence" is presented in the amendment, we find none.
 
 
 8
 Appellant's second argument, that he is entitled to reconsideration of his habeas petition because of his attorney's "inadvertence" is frivolous. The attorney's one month delay in transmitting appellant's letter motion to the court did not affect the outcome of appellant's habeas petition, which was denied on the merits, well after the letter motion was received.
 
 
 9
 Finally, appellant argues that the district court incorrectly treated his habeas petition as a motion for relief from a state court judgment under 28 U.S.C. § 2254. He claims that the district court should have treated some of the petition's allegations, presumably those dealing with the conditions of his pretrial detention, as having been brought under 28 U.S.C. § 2241, others as asserting a civil rights action, presumably under 42 U.S.C. § 1983, and still others as a petition for relief under 28 U.S.C. § 2255.
 
 
 10
 When the district court ruled on the habeas petition, petitioner was already serving his sentence in federal prison. He had not been subject to any of the challenged conditions of his pre-trial confinement for more than a year. The district court's dismissal of these grounds as moot was thus correct. Moreover, no matter how liberally one reads petitioner's habeas petition, the only relief it demands is release from confinement. The district court could not be expected to reinterpret this petition as one asserting a civil rights claim for damages. Even petitioner took more than two years to conceive of this gloss upon his own petition.
 
 
 11
 Finally, the district court did not misconstrue its own statutory authority in deciding the remainder of appellant's arguments. These arguments were properly construed as a challenge to appellant's federal conviction. They were handled appropriately, and correctly dismissed, in light of the policy and procedures under 28 U.S.C. § 2255.
 
 
 12
 Affirmed. So ordered.